```
                       UNITED STATES DISTRICT COURT
                         DISTRICT OF CONNECTICUT


-------------------------------x
EDWARD J. TUCCIO,              :
                               :
           Plaintiffs,         :
                               :
v.                             : Civil No. 3:06CV01934(AWT)
                               :
ANTHONY D. CORLETO,            :
                               :
           Defendant.          :
-------------------------------x
```

### ORDER REMANDING CASE TO STATE COURT

The defendant removed this case from a Connecticut Superior Court, Judicial District of Danbury.  In his Notice of Removal, the defendant asserted that this court has jurisdiction because this case is factually related to three cases pending in this District.  The plaintiff has filed a Motion for Remand, arguing that there was no basis for federal jurisdiction over the case and the plaintiff's motion is being granted.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the districts of the United States have original jurisdiction, may be removed by the defendant."  The defendant does not dispute that the case involves solely a state law claim and does not argue that the parties are diverse. Rather, the plaintiff relies on "supplemental jurisdiction" as a basis for removal.  In so doing, the plaintiff ignores the first sentence of section 1441(a).  This case could not have been filed in district court in the first instance, and the defendant cannot

use supplemental jurisdiction to attach this case to the other cases pending in this District.  What is required is that <u>this action</u> be one over which the district court has original jurisdiction.  Thus, the motion to remand must be granted.

The plaintiff requests an award of attorney fees and costs pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  In <u>Martin v. Franklin Capital Corp.</u>, the Supreme Court discussed the appropriate standard for awards under this section.  126 S.Ct. 704, 711 (2005).  The Court examined the purpose behind the fees and costs provision and determined that "[a]bsent unusual circumstances, courts should award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  <u>Id.</u>  In <u>Good Energy, L.P. v. Kosachuk</u>, the court refused to award costs and attorney fees where "it cannot be said that Defendant's assertion that complete diversity existed between the parties at the time of removal lacked an objectively reasonable basis" even though the parties later stipulated that both a plaintiff and the defendant were Florida citizens.  No. 06 Civ. 1433 LTS KNF, 2006 WL 1096900, at *1 (S.D.N.Y. Apr. 25, 2006).  Similarly, in <u>Contreras v. Host America Corp.</u>, the court

noted that the removal issue was "complex and the answer not obvious in light of established caselaw" and refused to award fees and costs.  453 F.Supp.2d 416, 421 (D. Conn. 2006).  While the defendant in the instant case has made a legal error, the plaintiff has provided no legal authority or analysis showing how the defendant's error is distinguishable from conduct found to be objectively reasonable in other cases.  Therefore, the plaintiff has not demonstrated that an award of attorney fees and costs is appropriate in connection with the motion to remand.

Accordingly, the plaintiff's Motion for Remand (Doc. No. 8) is hereby GRANTED and this case is remanded to Connecticut Superior Court.  Pursuant to 28 U.S.C. § 1447(c), the Clerk shall send a certified copy of this order to the clerk of the Connecticut Superior Court.

It is so ordered.

Dated this 30th day of January 2007 at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge